**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS ALLEN SANTAMORE,<br>Plaintiff, | : | NO. 4:25-CV-01804 |
| v. | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff Nicholas Santamore brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability under Title II of the Social Security Act. Transcript, doc. 7-2 at 35. He challenges the Administrative Law Judge's (ALJ) assessment of the residual functional capacity and the step five determination. Pl.'s Br., doc 8 at 4. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On November 5, 2022, Santamore applied for disability benefits under Title II of the Social Security Act, alleging disability as of January

1, 2022. Doc. 7-3 at 2. Following an initial denial, Santamore submitted an appeal, requesting a hearing before an ALJ. Doc. 7-4 at 21. The ALJ conducted the hearing and determined that Santamore was not disabled. Doc. 7-2 at 35.

Santamore filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Santamore's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 8, 11, 15) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 12.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Santamore "has not been under a disability . . . from January 1, 2022, through the date of this decision." Doc. 7-2 at 35. The ALJ determined at the RFC stage that Santamore has the ability:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited to occasional ramps and stairs but no ladders, ropes, or scaffolds; frequent balancing and stooping; occasional kneeling, crouching, and crawling; no work at unprotected heights or around dangerous machinery; frequent concentrated exposure to weather, humidity, wetness, dust, odors, fumes, and pulmonary irritants, and occasional exposure to extreme cold and heat.

*Id.* at 29. The ALJ denied Santamore's disability claim at step five, after considering his "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 34.

On appeal, Santamore argues that the ALJ erred by: (1) failing to properly address his symptoms; and (2) rendering a step five finding unsupported by substantial evidence. Doc. 8 at 4. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial

evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial

evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Santamore is disabled, but whether the Commissioner's finding that Santamore is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright*

*v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Santamore argues that the ALJ erred by: (1) failing to properly address Santamore's symptoms; and (2) rendering a step five finding unsupported by substantial evidence. Doc. 8 at 4. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ properly evaluated Santamore's symptoms.

Santamore first argues that the ALJ failed to properly evaluate his fibromyalgia and chronic fatigue. *Id.*; *see also* Pl.'s Reply Br., doc. 15 at 1 ("Put simply, Plaintiff explained why he believes he is disabled, and the ALJ failed to explain why those allegations were rejected."). The

Commissioner contends that the ALJ adequately considered Santamore's symptoms through a comprehensive analysis that included objective examination findings, Santamore's responses to treatment, range of daily activities, and medical opinion evidence. *See* Def.'s Br., doc. 11 at 8-11. The Court agrees with the Commissioner.

First, the ALJ appropriately considered the objective medical evidence because, although symptoms of fibromyalgia could be considered subjective by nature, see *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987), the ALJ found that Santamore also suffered from four other severe impairments. *See* doc. 7-2 at 27 ("automimmune hemolytic anemia, hypothyroidism, obstructive sleep apnea, and obesity."). The presence of those other impairments required the ALJ to consider Santamore's objective medical evidence. *See Trauterman v. Comm'r of Soc. Sec.*, 296 F. App'x 218, 220-21 (3d Cir. 2008) (finding appropriate an ALJ's consideration of the objective medical evidence of record because a claimant suffered not only fibromyalgia, but also two other impairments).

Second, the ALJ appropriately rejected Santamore's unsupported, subjective complaints of pain and limitations in accordance with the

regulations. "Allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999), citing 20 C.F.R. § 404.1529. Although any statements of the individual concerning his or her symptoms must be carefully considered, the ALJ is not required to credit them. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011) (citation modified), first citing SSR 96-7p, and then citing 20 C.F.R. § 404.1529(a). The regulation "obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft*, 181 F.3d at 362, citing 20 C.F.R. § 404.1529(c). "An ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony." *Snedeker v. Comm'r of Soc. Sec.*, 224 F. App'x 470, 474 (3d Cir. 2007), first citing, *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999), and then citing SSR 96-7p. Great weight is given to a claimant's subjective testimony only when it is supported by competent medical evidence. *Id.*, citing *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979).

Here, the ALJ found that Santamore's subjective complaints were inconsistent with the objective evidence, medical and otherwise. Doc. 7-2 at 30. The ALJ supported her finding by explaining that despite fibromyalgia and chronic fatigue diagnoses, Santamore responded well to therapies. *Id.* Treatment notes also indicate Santamore's fibromyalgia pain improved with medication. *Id.* at 31; *see also* Hr'g Tr., *id.* at 64 (acknowledging that medication helps with pain). The ALJ further explained that despite Santamore's reports of fatigue, he "cooks, cleans, does laundry, shops, showers and dresses himself, watches television, listens to the radio, reads, participate in online social media activities, plays video games, and socializes with friends." *Id.* at 31; *see Chandler*, 667 F.3d at 363 (affirming an ALJ's decision where a claimant's own subjective complaints of pain and limitations were inconsistent with her activities of daily living, including shopping, cooking dinner, and visiting with friends). Finally, the ALJ found partially persuasive Dr. Katari's medical opinion that indicated that Santamore's chronic fatigue and pain responded well to fibromyalgia medication and CPAP treatment. Doc. 7-2 at 32, citing doc. 7-7 at 489 ("[H]e seems to be responding well to both these therapies and so we will continue to treat his symptoms as such.").

The ALJ, therefore, adequately supported his findings with explanation. *See Hartranft*, 181 F.3d at 362; *Snedeker*, 224 F. App'x at 474.

**B. The ALJ's step five finding is supported by substantial evidence.**

Santamore next argues that the ALJ provided a step five finding that was not supported by substantial evidence. Doc. 8 at 10. Specifically, Santamore argues that the ALJ accepted the vocational expert's (VE) evidence without scrutiny, and that the 16,300 jobs that the VE identified does not represent a significant number in the national economy. *Id.* at 10, 14. Santamore is incorrect.

First, an ALJ may rely upon the vocational expert's responses as substantial evidence for his step five determination. *Rutherford v. Barnhart*, 399 F.3d 546, 555 (3d Cir. 2005). Second, in the Third Circuit, a step five finding of 16,300 jobs represents a significant number of available jobs in the national economy. *See Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987) (finding that 200 jobs in the regional economy was a clear indication that other meaningful work in the national economy existed); *Ahmad v. Comm'r of Soc. Sec.*, 531 F. App'x 275, 278 (3d Cir. 2013) (holding that the ALJ did not err by concluding that the 569 jobs available was evidence of other work in significant numbers in the

national economy). The ALJ's step five finding, therefore, is supported by substantial evidence.

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 28, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge